Opinion of the Court, by
Ch. J. Boyle.
THIS ¿ase was formerly before this court, on an appeal taken by Scott, from a decree pronounced by the-circuit court, and that decree was reversed and the cause remanded, with directions to the circuit court, after causing an account to be taken, to enter a decree not inconsistent with the opinion then delivered, as will be seen in the report of the case, 1 Lift. Rep. £02.
When fhebause went back, the circuit court, in pursuance of the directions of this court, appointed commissioners to take and report an account of the debits, and credits between the parties.
The commissioners having made their report, exeep-tions were taken to it by M’Millen, 1st, because the commissioners had allowed interest on a judgment for $10,504 25, recovered at law by Scott against M’Mil-len; and 2d, because the commissioners had allowed to Scott$964 75, for expences, &c. incurred', and services rendered by him, while acting in the capacity of trus-^ tee for M’Millen.
The circuit court overruled the first of these exceptions, but sustained the second as to $580, being the amount allowed by the commissioners to Scott, for his personal services and contingent expences; and after deducting that sum, entered- a final decree for the amount reported by the commissioners in favor of Scott, from which M’Millen has appealed to this court, and by his assignment of errors, questions the correctness o£ the decision of the circuit court, in not sustaining his, exceptions to (he commissioners’' report.
(1) We have no doubt that the circuit court erred in, not sustaining the exception taken to the allowance of interest on the judgment. The judgment was for dam-, . - J J b ' ages ren(jereci jnan action of covenant, upon an agreement for the delivery of produce, the performance of which was not secured by a penalty. Such a judgment does not, at law, bear interest, and equity, which fol- ^ jaw-, will not give interest, where (he law does not allow it. It is, accordingly, a general rule inequity, not to give interest upon judgments, unless (hey be founded upon a debt with a penalty, or be such as by- *151 operation oflaw, bear interest. 2 Fonb. Equity 424, note d. This rule was recognized in the case of Cobb vs. Thompson, 1 Marsh. 507, and in. tbqb'case, interest was denied upon a judgment precisely analogous to the one in the present case.
(2) Stipula-’ tionbyatru*-peníítionTor his services ’ includes ail ^ethcrcéT’ tain or contingent; but cxcludes a tíon for^ir-, sonalser-
(3) A trustee titlfdt'o oom-pensafion for Ilis expences, ^mana*11 mentófthe business of trusT'whe'ther stipulated for or not;
(2) With respect to the second exception taken by M'Millcn, we apprehend the circuit court was correct in sustaining it as to $¿¡00, the sum allowed by the commissioners for the personal services rendered by Scott, in the capacity of trustee for M’Millen; but that it was erroneous to sustain the exception as to the additional .*§80, the sum allowed by the commissioners to Scott for contingent expences incurred by him in the service of M’Millen. We need not in this case enquire, whether or not, in the general, a trustee would be entitled to a Compensation for his personal services; for, in this instance, Scott undertook the management of the business for M’Millen, under an agreement in which-it was stipulated that his expences should be paid, but in. whieh there was no stipulation that he should receiv’d any compensation for his services; and according to the rule, that the expression of one thing is the exclusion of another, it is necessarily implied, from the express stipulation for the payment of Scott’s expen.C£§„witi*out any such stipulation for a compensation j^.hlafse.ryi‘ces, that no compensation was intended tó be ¿iven for those services. Besides, the trust was undertaken by Scott on his solicitation, and more with a view of serving himself, by securing a debt which he considered in great peril, than of serving M’Millen, and it was obviously in this way that he expected to be indemnified for his personal services, and, therefore, required no stipulation for that purpose. The circuit court was, therefore, correct in sustaining the exception to the cornmis? sioners’ report, so far as it made an allowance to Scott for his personal services; but it is clear that the court erred in sustaining the exception to the allowance made by the commissioners to him, for his contingent ex-pences. The stipulation that Scott’s expences should be paid, evidently embraced all his expences, whether certain or contingent, and to the one sort as well as the other, he was equally entitled.
(3) A trustee is, indeed, always entitled to the ex-pcnces incurred by him in the management of the busi-ftess of the cestui que trusty even without any stipulation *152 to that effects, and much more ought he to. be entitled, where there is, as in this case, an express stipulation ior the purpose.
Bibb, for plaintiff; Hoggin,'ior defendant.
The circuit court ought, therefore, to have deducted the interest allowed by the commissioners upon the judgment for ‡¡0,504 25 in damages, and the $¡500 allowed by them for 'he personal services of Scott, as trustee for M’Millen, and entered a decree for the balance only of the amount reported by the commissioners in favor of Scott.
The decree must be reversed with costs, and the cause remanded, that a final decree may be entered in conformity to this opinion.